JULIA C. BOWMAN v. CHRISTOPHER W. HORR.[1]

January 10, 1896.

Nos. 9737—(186).

.Action on Contract—Evidence.

H. executed a written instrument to B., wherein he promised to pay B. $76.25 when several notes and mortgages held by other parties and one by himself were paid in full to H. None of the mortgages held by the other parties were paid to H. by B., although all of them were satisfied of record. B. brought suit upon the written instrument to recover the said sum of $76.25, and upon trial of the action H. offered to prove that in fact the mortgage held by him was not paid in full, and the court excluded the evidence. *Held* error.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial. Reversed. The mortgages referred to in the opinion were as follows: (1) A

1 Reported in 65 N. W. 725.

mortgage on block 1 given by James W. Vandyke to Thos. F. and Wm. F. Birmingham January 13, 1887, assigned by the mortgagees to Charles E. Dickerman May 4, 1887, and discharged by said Dickerman January 14, 1890. (2) A mortgage on block 1 given by Vandyke to plaintiff January 13, 1887, assigned by plaintiff to Carrie Taylor et al. June 11, 1887, discharged by the said assignees October 15, 1891. (3) A mortgage on block 3 given by Vandyke to the Birminghams January 13, 1887, assigned by the mortgagees to Charles E. Dickerman May 4, 1887, and discharged by said Dickerman January 17, 1888. (4) A mortgage on block 3 given by Vandyke to plaintiff January 13, 1887, assigned by plaintiff to defendant June 11, 1887, and discharged by defendant February 6, 1888.

*A. C. Hickman*, for appellant.

*Bion A. Dodge*, for respondent.

BUCK, J. The plaintiff sought to recover upon the following described instrument, viz.:

"$74.25. St. Paul, Minn., January 13th, 1887.

"Due to Julia C. Bowman seventy-four and 25-100 dollars, which is to be payable to her at 8 per cent. ints., when the mortgages and notes secured on blocks one and three, Birmingham Park, are paid in full to me. Should the said notes and mortgages not be paid, then this due bill to be null and void, the same being given in settlement for a balance due her on said Birmingham Park and Birmingham Second addition; she not having received her full share in notes and mortgages.

"[Signed] C. W. Horr."

Assuming that the three mortgages referred to in the evidence are identified as those referred to in the instrument, none of them were ever in defendant's name; and while the satisfactions indicated that they have been paid to somebody, there is no evidence that they were ever paid to the defendant. On the contrary, the plaintiff testified that she paid them to her husband as her agent, and there is no proof that he ever paid anything upon these mortgages to the defendant. The manner in which the case was tried throws no light upon the transactions, except what is found in the instrument sued upon.

The other mortgage which was assigned by the plaintiff to the defendant was satisfied of record by him, and, while this would indicate that he had received payment of the mortgage, yet it appears that the plaintiff, after the assignment and before the defendant recorded his assignment, released a part of the mortgaged property, and the consideration received by plaintiff was $76.15, nearly the exact amount of the instrument sued upon in this action. She did not pay this amount to the defendant, and, although a witness herself, she did not give any explanation of what became of it, nor why she had not paid it to the defendant. The defendant offered to show that part of this mortgage was unpaid, but upon objection by the plaintiff the court excluded the evidence. This was error. It was a condition precedent to the plaintiff's right of recovery upon this instrument that she show that these mortgages had been paid in full to the defendant. That the plaintiff should make a partial release of the property securing a debt by a mortgage which she had previously assigned for an amount so near that mentioned in the agreement sued upon, and then upon trial not account for it, is not without its significance in a case so much in need of explanation.

The weight of evidence was manifestly and clearly against the plaintiff, not merely as to the preponderance, but entirely insufficient to justify the trial court in directing a verdict against the defendant; and on account of the errors which we have pointed out the order denying a new trial is reversed.